ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 24 2016  12:35 pm
CLERK, U.S. DISTRICT COURT
By _____ Deputy

JO GONZALES §
Plaintiff §
 §
v. § CIVIL ACTION NO. 4:16-CV-291-A
 §
SWAT SGT HILL, ET.AL, §
Defendant, §

Plaintiff Motion And Brief In
Opposition To Defendant officers
Swat Sgt. Hill Et.AL Motion to Dismiss

JOE GONZALES
FCI P.O. Box 15330
Fort Worth TX 76119

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOE GONZALES §
PLAINTIFF, §
§
V. §
§
SWAT SGT. HILL, ET AL. §
Defendants. §

PLAINTIFF MOTION AND Brief IN OPPOSITION TO DEFENDANT OFFICER BRIAN GENTRY AND SWAT SGT, ET AL, MOTION TO DISMISS

To The Honorable Judge MCBRYDE:

Pursuant to Federal Civil Court rules, Plaintiff files this Motion and brief in opposition to the Defendants Motion to Dismiss for failure to state a claim. The Plaintiff would show the court the following

## 1. Summary

For the reason that the Plaintiff would show that to dismiss for failure to state a claim would be inappropriate unless it appears that beyound Doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

1.

The Plaintiff would demonstrate by using a two step analysis to determine Qualified immunity. 1) viewing the fact in the light most favorable to the Plaintiff whether the violation give rise to Constitutional violation, (Yes) these officers deliberately assaulted the Plaintiff in violation of his 4th Amendment being persued by the Fort Worth Police Dept. IN a car in whiched he did not drive, did not "resist" being an arrested and complied with all "orders" given at the time of arrest. The officers known As Sgt. Hill et al. began to beat kick used a butt of a gun (pistol whipped twice) By Officer Gentry which he is not train or Allowed to do. Which was watched by 1.9 million of eye witness on social media (video recordings on News stations and internet). Once it was realed that this incident known As "police brutality" was being captured by News Chopters and regular citizens using videos of cellphones SGT Hill instructed All officers "STOP BEATING HIM THIS IS BEING VIDEO TAPED"

2.

Thus it is determined that their Action clearly violation of the Plaintiff rights at the Sceen. Defendants Motion to dismiss should be denied

### A. Plaintiff Original Complaint

Plaintiff stipulates that his original complaint against several Fort Worth Police Officers including Officer Brain Gentry. Plaintiff is asking that this issue be set for Trial by. He seeks 136 Million in Damages

### Qualified Immunity

The doctrine of qualified immunity protect gov. officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known Stanton v. Sims 134 S. Ct. 3, 4, 187 L. Ed 2d 341 (2013) (internal quotation marks omited) In particular the defendant Brain Gentry is not entitled to qualified Immunity as he was the major player in the Assualt (police brutiality) as his action violated the Plaintiff Rights when he hit ("pistol whipped Twice") with the butt of the gun. The burden

is on the Plaintiff to show that these defendants are not entitled to qualified immunity each of these defendant has the opportunity to deliberate various Alternatives prior to electing a course of action their action will be deemed conscience shocking if they where taken with deliberate indifference towards the Plaintiff federally protected rights Burgess v. Fisher2. 735 F.3d 469, 473 (6th Cir 2013) The difference is this. An excessive force claim under the 8th Amendment requires that the pleintiff show that force was not applied in good faith effort to maintain or restore law and order But [w]here defendants are afforded a reasonable opportunity to deliberate[,] their actions will be deemed conscience-shocking if they were taken with diliberate indifference towards the plaintiff federally protected rights Darrah v. City of Oak Park, 255 F3d 301 (6th Cir 2001) the use of foam projectile while in

4.

Police custody violated the Plaintiff federally protected rights of 14th Amendment and 8th Amendment to the United States Constitution Burgess, 735 F.3d at 471.

These Actions of the Defendants were witnessed by 1.9 million media veiwers (see ch. 4, 5, 8, 11. Breaking news stories on the day in question), there were over a "Hundred thousand" "tweets" "Facebook" comments and the Star-Telegram Newspaper articles Gallagher v. C.H. Robinson Worldwide Inc. 567 F.3d 263, 270 (6th Cir. 2009)(emphasis added) Scott v Harris 550 U.S. 372 127 S.Ct. 1769, 167 L.Ed 2d (2007)

Rule 56 (c)(1) of the F.R.C.P. [a] Party asserting that a fact... is genuinely disputed must support the assertion by... citing to particular parts of materials in the record, including depositions, documents, electronically store information, Affidavits or declaration, stipulations (including those made for purpose

(5)

of motion only) admissions, interrogatory answers or other materials. That is, a party must go beyond the pleadings see Celotex Corp. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed 2d, 265 (1986) ultimately the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law Anderson v. Liberty 743. F.3d 132 Lobby Inc. 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed 2d 202 (1986) The court must draw all reasonable inferences in favor of the non-moving party Burgess 735 F. 3d at 471

The defendant contents that at "no time" during his official capacity as a Ft. Worth Police Officer (Brain Gentry) did he act "outside the scope" of his duties, as a public official. Brain Gentry used unnecessary force to detain the Plaintiff. The Plaintiff has

6.

alleged throughout all pleadings that 1) he received injuries, by the hand of the defendants; 2) Which directly resulted from the use of force that was clearly excessive to the need, and the excessiveness of which was 3) Objectively unreasonable Knight v. Caldwell, 970 F.2d 1430, 1432-33 (5th cir. 1992) In regards to the defendant claim that he had nothing to do with the Pit Maneuver is contradicted by the Swat teams report as to what functions each officers, had done Officer Brain Gentry was present in the vehicle, at the time it was administered at "no time" did he express that "They" (Ft. Worth Swat team) should not perform this maneuver because He nor officer Dennis Alise (Driver of Swat vehicle) were trained in this maneuver, and that it is in violation of current

7.

Fort Worth Police Policy. Thus it can be decided that a deliberate indifference to the rights of the Plaintiff were made at that time. The Plaintiff was in a police chase that exceeded (5 mile per hour) for a 2 hour duration, as stated above the defendant Gentry excessive force violated the Plaintiff Constitutional Right to the Constitution of the United States, His diliberate indifference in not advising against the use of the Pit Maneuver Constitutes, having a reasonable opportunity to intervene against it and intentionally fail to do so Whitley v. Hanna 726 F.3d 631, 646, (5th Cir 2013)

Dismissal Should be <u>denied</u>

A district Courts ruling on a Fed R. Civ. P. 12 (b)(6) Motion is Subject to de novo review

8.

A motion to dismiss requires the court to test the formal sufficiency of the statement of the claim for relief. All well pleaded facts must be accepted as "True" and viewed in the light most favorable to the plaintiff. The issue is not whether a Plaintiff will prevail, but whether he is entitled to offer evidence to support his claims accordingly the court will not dismiss a complaint unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him relief.

9.

Respectfully Submitted
Joe Gonzales
JOE Gonzales Pro Se
F.C.I. # 30083-077
P.O. Box 15330
Ft. Worth Tx 76119

CERTIFICATE OF SERVICE

I hereby Certify that on June 20, 2016 I Served a Copy of this document on all parties or their counsel of record via First U.S. First Class Mail:

Stephen C. Maxwell
State Bar No 13258500
Daniel P Sullivan
State Bar No 24057465
Bailey & Galyen
1300 Summit Ave Suite 650
Ft Worth Tx 76102
Att. for Officers
Cunningham and Clowers

Luis A Galindo
State Bar No: 07579600
600 Ft. Worth Club Building
306 West 7th St.
Ft. Worth Tx 76102
Att For Defendants
Hill, Harris, Villenueve

Kenneth E. East
State Bar No 06790622
Foster & East
9001 Airport Freeway Suite 675
N. Richland Hills Tx, 76180
Att. for Defendant Gentry

10.