

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-291-A |
| | § | |
| SWAT SGT. HILL, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of (1) defendants SWAT Sergeant Hill, Officer Harris, and Officer Villenueve, (2) Officer Cunningham and Officer Clowers, (3) Officer Brian Gentry, and (4) Officer Dennis Alise, respectively, to dismiss. The court, having considered the motions, the response of plaintiff, Joe Gonzales, the replies, the record, and applicable authorities, finds that the motions should be granted.

### I.

### Plaintiff's Claims

On April 25, 2016, plaintiff filed his original complaint. Doc.[1] 1. By order signed April 26, 2016, the court ordered plaintiff to file an amended complaint alleging with particularity the facts on which he would establish his right to recover against each defendant and including detailed facts that would support the contention that the likely pleas of qualified

---

[1] The "Doc." reference is to the number of the item on the docket in this action.

immunity of defendants could not be sustained. Doc. 7. On May 9, 2016, plaintiff filed his amended complaint. Doc. 8. The court determined that plaintiff should be allowed to proceed and ordered service of process on defendants, Doc. 11, each of whom has now filed a motion to dismiss. Docs. 19, 21, 23, and 26.

Plaintiff's claims arise out of a police chase of his vehicle that occurred on May 27, 2015, ending in the City of Arlington, Texas. Plaintiff alleges that defendants executed an illegal "pit manuver [sic]" and that they beat him, causing him injuries.

II.

Grounds of the Motions

Each of the defendants maintains that plaintiff has not sufficiently pleaded his claims. And, even if plaintiff has stated any claims, each defendant says that he is entitled to qualified immunity.

III.

Plaintiff's Response

In addition to responding to the motions to dismiss[2], plaintiff has filed a number of motions. First, he asks again that the court appoint counsel to represent him. Doc. 28. However, the court already considered and denied such a motion,

---

[2]Plaintiff's response is titled as a motion in opposition to the motions to dismiss. Doc. 29.

Doc.10, and the court is not persuaded that it should now be granted. By his various filings, plaintiff has shown that he is capable of presenting his case to the court.

Plaintiff has also filed a motion for permission to amend his complaint, Doc. 31, and a motion for supplemental amended complaint, Doc. 32. (The court surmises that the latter document is the amendment to which the former refers, although it, too, is in the form of a motion.) Along with the motions for leave to amend on June 24, plaintiff filed a motion for leave to submit exhibits, Doc. 30, to which he attached certain photographs and what appear to be articles from the local newspaper, The Fort Worth Star-Telegram. On July 6, he filed a second motion for leave to submit exhibits, Doc. 34, asking that the court consider a handwritten statement of Mary Carney, who is otherwise unidentified, and a DVD purporting to contain footage of the "slow speed police chase." Defendants object to the motions to amend, inasmuch as plaintiff has already had an opportunity to amend (pursuant to the court's directive that he plead specific facts to support his claims) and they have filed their motions to dismiss. And, they object to the court considering any evidence outside the pleadings in connection with their motions to dismiss.

The court is satisfied that the proposed supplemental or amended complaint does not add anything to plaintiff's amended pleading. Rather, it consists primarily of conclusory allegations and recitations of purported facts taken from the newspaper articles plaintiff wants the court to consider. That is, the alleged facts asserted are not facts that would be within plaintiff's personal knowledge, but are merely as reported by others.[3] As for the exhibits, none are authenticated in any way. Clearly, the newspaper articles and statement of the unidentified woman are hearsay and would not be appropriately considered. Assuming the photographs are of plaintiff at or near the time of his arrest, they would seem to be consistent with the wounds he claims to have received, but they would not in any way change the court's analysis of plaintiff's claims. Accordingly, the court is denying the motions to amend, the June 24 motion to submit exhibits, and the July 6 motion as it pertains to the handwritten statement.

As for the DVD, there is no contention that it has been doctored or altered in any way. And, the Supreme Court has suggested that a video of a chase, as in this case, may be the best evidence of what occurred. See <u>Plumhoff v. Rickard</u>, 134 S.

---

[3] For example, plaintiff says that the officer who used the pit maneuver had been ordered not to do so. Doc. 32 at 3.

4

Ct. 2012 (2014); Scott v. Harris, 550 U.S. 372 (2007). Accordingly, the court is taking the video footage into account as part of plaintiff's pleading.[4]

IV.

Applicable Legal Principles

A.  Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are

---

[4] The court notes that the disk submitted appears to contain video footage from two separate sources. The unidentified source video is rather grainy and unhelpful as to the events that transpired when plaintiff's vehicle was stopped. The second video is apparently a compilation of footage by local news television stations. The court is disregarding the audio contained on the disk.

unsupported by any factual underpinnings. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Iqbal</u>, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Id.</u> In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. <u>Id.</u> at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

In considering a motion under Rule 12(b)(6), the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. <u>Scanlan v. Tex. A&M Univ.</u>, 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. <u>Davis v. Bayless</u>, 70 F.3d 367, 372 n.3 (5th Cir. 1995); <u>Cinel v.</u>

6

Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003).

B.   Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at

7

the time, the court is to consider all relevant legal authority, whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Mullenix v. Luna, 136 S. Ct. 305, 308 (2015); Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992).

"[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341. Further, that the officer himself may have created the situation does not change the analysis. In other words, that the officer could have handled the situation better does not affect his entitlement to qualified immunity. Young v. City of Killeen, 775 F.2d 1349, 1352-53 (5th Cir. 1985). See also City & Cty. Of San Francisco v. Sheehan, 135 S. Ct. 1765, 1777 (2015)(failure to follow training does not itself negate entitlement to qualified immunity).

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett

v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Malley, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.
> . . .

502 U.S. at 229.

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994).

C.  Excessive Force

The elements of an excessive force claims are (1) an injury, (2) that resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness was clearly unreasonable. Freeman v. Gore, 483 F.3d 404, 416 (5th Cir. 2007).

A use of deadly force is presumptively reasonable when an officer has reason to believe that the suspect poses a threat of serious harm to the officer or to others. Mace v. City of Palestine, 333 F.3d 621, 624 (5th Cir. 2003). The reasonableness is to be determined from the perspective of the officer on the scene and not with "the 20-20 vision of hindsight." Id. at 625 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

> The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation.

Graham, 490 U.S. at 396-97. The officer's underlying intent or motive does not affect the analysis. Id. at 397. Factors relevant include (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. Id. at 396.

V.

Analysis

Defendants first address plaintiff's reference to the Fifth, Eighth, and Fourteenth Amendments in his amended complaint and argue that none of these Amendments is applicable. See, e.g., Dusenbery v. United States, 534 U.S. 161 (2002)(Fifth Amendment

10

applies only to federal actors); Morin v. Caire, 77 F.3d 116 (5th Cir. 1996)(Eighth Amendment applies only in a post-conviction setting); Gutierrez v. City of San Antonio, 139 F.3d 441 (5th Cir. 1998)(excessive force claims of arrestee are analyzed under Fourth, not Fourteenth, Amendment). The Supreme Court has made plain, however, that a plaintiff's failure to correctly identify the legal theory upon which his claims rest is not a reason to dismiss his complaint. Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 346-47 (2014); Groden v. City of Dallas, No. 15-10073, 2016 WL 3361186, at *3 (5th Cir. June 16, 2016).

Turning to the facts of the case, plaintiff had the status of a person fleeing police at the time of the incidents giving rise to his claims. The threshold issue is whether the facts alleged show that defendants' conduct violated a constitutional right. Scott, 550 U.S. at 377.

Plaintiff's first complaint is that defendants executed an illegal "pit manuver [sic]" to stop a vehicle plaintiff was in. A "PIT maneuver" is a precision intervention technique used to stop a vehicle. See Scott, 550 U.S. at 375. Whether use of the maneuver violates plaintiff's constitutional rights depends upon whether its use was objectively reasonable. Id. at 381.

Plaintiff has not pleaded any facts regarding the circumstances of use of the maneuver, but he does rely on the

11

video[5] to substantiate his claims. The video clearly belies any contention that the use of the maneuver was not objectively reasonable. The video shows plaintiff leading officers on a chase for many miles and for a lengthy period of time. Whether at high speeds or low--and the video shows that plaintiff drove at variable speeds--the video clearly shows plaintiff weaving in and out of traffic, cutting across lanes, driving erratically, cutting off other drivers, driving over medians and grass, driving through parking lots, and driving the wrong way down a variety of streets in an urban area. As the chase goes on, many spectators line the interstate and overpasses, getting out of their cars to watch. Ultimately, before the maneuver was used, the video shows that the front passenger tire of plaintiff's vehicle blew, causing instability, but plaintiff continued to try to evade police. No conclusion can be reached but that the maneuver was reasonable given the circumstances.

Plaintiff's second complaint is that defendants beat him and kicked him after pulling him out of the vehicle.[6] Again, the video belies these allegations. The video does show one officer

---

[5] By use of the term "video," the court is referring to the video footage contained on the disk supplied by plaintiff along with his July 6 motion.

[6] Plaintiff alleges that the defendants called him names, but allegations of verbal abuse are insufficient to state a claim. Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). And, as stated, motive or intent is irrelevant to the analysis of an excessive force claim. Graham v. Connor, 490 U.S. 386, 397 (1989).

striking plaintiff with the butt of a rifle as plaintiff is attempting to escape from the back window of the vehicle. It is clear that plaintiff is not following whatever directions he may have been given, but is trying to get away. Moments before, he had moved from the driver's seat to the back seat of the vehicle and had been digging around, as if attempting to secure a weapon. The video does not show that any officer had to restrain another from beating plaintiff. Instead, as soon as plaintiff was secured, the officers made him available to receive medical care. Plaintiff has not established that the use of force was excessive to the need given the circumstances.

## VI.

### Order

The court ORDERS that plaintiff's motion for appointment of counsel be, and is hereby, denied.

The court further ORDERS that plaintiff's motions filed on June 24 for leave to amend and to submit exhibits be, and are hereby, denied.

The court further ORDERS that plaintiff's motion filed July 6 for leave to submit exhibits be, and is hereby, granted in part and the court is considering as part of plaintiff's pleading in this action the video portion of the disk reflecting the events giving rise to plaintiff's claims in this action.

13

The court further ORDERS that defendants' motions to dismiss be, and are hereby, granted; that plaintiff take nothing on his claims against defendants; and, that plaintiff's claims be, and are hereby, dismissed.

SIGNED July 15, 2016.

_____
JOHN McBRYDE
United States District Judge